NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CEDAR HOLDINGS, LLC and SEABOARD HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JACK MENASHE, MM RETAIL, LLC, and MRG BROADWAY, LLC, <br><br> Defendants. | Civ. No. 16-7152 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Defendants Jack Menashe ("Menashe"), MM Retail, LLC ("MM Retail"), and MRG Broadway, LLC ("MRG") (collectively, "Defendants") to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (ECF No. 8). Plaintiffs Cedar Holdings, LLC ("Cedar") and Seaboard Holdings, LLC ("Seaboard") (collectively, "Plaintiffs") oppose. (ECF No. 11). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' motion to dismiss will be granted in part and denied in part.

## BACKGROUND

This is an action for breach of contract. Plaintiffs' allegations are summarized as follows: Menashe is the sole member of MM Retail, LLC, which is the sole member of MRG Broadway, LLC. (*Id.* ¶ 8). MRG holds a fifty percent membership interest in MAC Broadway, LLC ("MAC"). (*Id.* ¶ 9). MAC leases property at 591–593 Broadway, New York, New York to

1

Victoria's Secret Stores, LLC pursuant to a written agreement (the "VSS Lease") and, as a member of MAC, MRG receives a portion of the profits. (*Id.* ¶ 11). MRG sought to sell the right to a portion of its profits from the VSS Lease for a lump sum of money. (*Id.* ¶ 11).

On or about May 19, 2016, MRG and Menashe conveyed a Letter of Intent to Cedar under which Cedar would pay MRG a lump sum to obtain a share of "MRG's net cash flow" from the VSS Lease. (*Id.* ¶ 11). In the Letter, MRG and Menashe agreed to negotiate exclusively with Cedar for 30 days following the execution of the Letter of Intent. (*Id.* ¶ 14). At the time the Letter of Intent was conveyed, no further essential terms remained to be negotiated. (*Id.* ¶ 18). However, MRG and Menashe did not proceed with finalizing the agreement with Cedar; instead, MRG and Menashe used the parties' agreement to negotiate with other members of MAC to buy a portion of MRG's interest. (*Id.* ¶¶ 19–22). Cedar relied on the Letter of Intent and incurred substantial fees and expenses as it tried to finalize the agreement. (*Id.* ¶ 22). Menashe used his personal financial situation and marital difficulties to leverage Cedar for changes to the agreement between June and August 2016. (*Id.* ¶¶ 23–28). On August 18, 2016, counsel for the parties agreed that no material issues remained to be negotiated; however, Menashe has refused to proceed with the transaction and continued to negotiate with members of MAC Broadway. (*Id.* ¶¶ 29–30).

On September 13, 2016, Plaintiffs filed the present action for: (1) declaratory and injunctive relief to force Defendants to finalize and execute the Definitive Agreements, grant Cedar membership interests in MRG (and by extension in MAC and the VSS Lease), and enjoin Defendants from making any contrary action; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) promissory estoppel, and (5) unjust enrichment. (ECF No. 1-1). The Complaint was removed to this Court on October 13, 2016. (ECF No. 1).

Defendants then filed a motion to dismiss the action for failure to state a claim. (ECF No. 8). This motion is presently before the Court.

## **LEGAL STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered

'without converting the motion to dismiss into one for summary judgment.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (emphasis in original) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

## ANALYSIS

### A. Subject Matter Jurisdiction

As an initial matter, the Court must determine if subject matter jurisdiction exists. If a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Deluxe Bldg. Sys., Inc. v. Constructamax, Inc.*, 94 F. Supp. 3d 601, 607 (D.N.J. 2013) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*...") (internal citations omitted).

In this case, Defendants removed the action to this Court based on diversity jurisdiction. The value of the exchange in the alleged contract is $2,250,000.00, which clearly satisfies the § 1332 amount-in-controversy requirement. However, the parties must also be completely diverse. The Court requested and received additional briefing on this subject, and is now satisfied that the parties are completely diverse. The citizenship of an LLC, like partnerships and other unincorporated business entities, is determined by the citizenship of each of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419–20 (3d Cir. 2010). Cedar is a New Jersey limited liability company whose sole member is Mark Tress, a citizen of the State of New Jersey. Seaboard is a New York limited liability company whose sole member is Mark Tress, a citizen of the State of New Jersey. Thus, Plaintiffs have New Jersey citizenship.

Menashe is the sole member of MM Retail, LLC, which is the sole member of MRG Broadway, LLC. (Compl. ¶ 8). Menashe is a citizen of New York. Therefore, all Defendants

have New York citizenship. The parties are completely diverse and the requirements for diversity jurisdiction are satisfied.

**B. <u>Motion to Dismiss</u>**

Defendants seek dismissal of the Complaint: "(1) insofar as it is based upon the breach of an alleged duty to negotiate in good faith; (2) insofar as it seeks injunctive or declaratory relief or expectancy damages based upon what Plaintiff Cedar Holdings allegedly would have received if "Definitive Agreements" had been executed; and (3) as to Plaintiff Seaboard Holdings, LLC and defendants Jack Menashe and MM Retail, LLC on the ground that they are not parties to the LOI." (Defs.' Br. at 16, ECF No. 8-4). The Court will address each in turn.

*1. Obligation to Negotiate in Good Faith*

Every contract governed by New Jersey law contains an implied covenant of good faith and fair dealing. *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 288 (3d Cir. 2000). The implied covenant of good faith and fair dealing requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* Furthermore, the implied covenant "is an independent duty and may be breached even where there is no breach of the contract's express terms." *Id.* To state it most broadly, a "plaintiff may be entitled to relief under the covenant [of good faith and fair dealing] if its reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 267 (3d Cir. 2008) (quoting *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 396 (2005) (alteration in original)).

However, a plaintiff may not pursue a claim for a breach of the implied covenant of good faith and fair dealing if the claim is duplicative of the plaintiff's breach of contract claim.

5

*Intervet, Inc. v. Mileutis, Ltd.*, 2016 WL 740267, at *5 (D.N.J. Feb. 24, 2016); *Cambridge Mgmt. Grp., LLC v. Robert A. Kosseff & Associates, P.C.*, 2007 WL 2084895, at *4 (D.N.J. July 18, 2007). A claim for breach of the implied covenant is duplicative of a breach of contract claim when allegations of bad faith all relate to actions that form the basis of the breach of contract claim. *Intervet, Inc.*, 2016 WL 740267, at *5.

In this case, Plaintiffs assert a breach of contract claim, that "Menashe owes contractual duties to Cedar including, without limitation, all obligations contained in the LOI, such as negotiating exclusively with Cedar in good faith for the conveyance of the Membership Interests to Cedar." (Compl. ¶ 44, Count Two). Menashe breached his contractual obligations by:

   a. Failing to negotiate exclusively with Cedar in good faith to conclude the Definitive Agreements;
   b. Refusing to execute the Definitive Agreements;
   c. Disclosing the existence and terms of the LOI and pending Definitive Agreements to the MAC Members; and
   d. Negotiating with the MAC Members in a manner inconsistent with and mutually exclusive to Menashe's obligations to Cedar.

(*Id.* ¶ 45). Plaintiffs assert a breach of the implied covenant of good faith and fair dealing claim, arguing that "Cedar repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint as if same were fully set forth herein. Menashe is under a duty of good faith and fair dealing with respect to Cedar and all matters relating thereto (including, without limitation, the LOI). Menashe, by his aforesaid actions, omissions, and conduct, has breached his duty of good faith and fair dealing owed to Cedar." (*Id.* ¶¶ 48–50, Count Three).

Plaintiffs' claim for breach of the implied covenant therefore is duplicative of the breach of contract claim. Plaintiffs only allege that Defendants breached terms of the Letter of Intent—specifically, Defendants negotiated with others rather than with Plaintiffs exclusively—and they did so in bad faith. A conclusory statement that a breach of contract is done in bad faith is insufficient to state a claim for breach of the implied covenant of good faith. *Intervet, Inc.*, 2016

WL 740267, at *5. Plaintiffs must plead facts that would show that Defendants acted in bad faith by performing actions that, while "consistent with the contract's literal terms, were done in bad faith, with the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Wade v. Kessler Inst.*, 172 N.J. 327, 345 (2002); *see also Meiselman v. Hamilton Farm Golf Club LLC*, 2011 WL 3859846, at *6 (D.N.J. Sept. 1, 2011). Here, Plaintiffs allege that Defendants breached the literal terms of the Letter of Intent. Thus, its breach of the implied covenant claim is duplicative of the breach of contract claim and will be dismissed.

Therefore, even if the Letter of Intent is a valid contract, Count Three for breach of the implied covenant is duplicative of the Count Two breach of contract claim and must be dismissed.

Whether the Letter of Intent was a contract and Defendants breach of the literal terms of that contract were in bad faith remains a question of fact and will remain within the inquiry of Count II.

2. *Liability for Failure to Execute Definitive Agreements, and Expectancy Damages*

Defendants argue that they cannot be liable for failing to execute the Definitive Agreements because the explicit terms of the Letter of Intent state that "no party shall be liable to the other for not entering into the Definitive Agreements" and because, under the law, a party cannot be liable for failing to reach an agreement because even with the best faith action on both sides, a deal might not be reached. (Defs.' Br. at 11–13, citing Letter of Intent ¶ 21 and *West Palm Beach Hotel, LLC v. Atlanta Underground, LLC*, 2014 U.S. Dist. LEXIS 130710, *12 (D.N.J. Sept. 17, 2014), ECF No. 8-4).

The parties dispute which "Definitive Agreements" Plaintiffs are suing about in the Complaint. Defendants argue that Plaintiffs only sued about the Letter of Intent and proposed

7

Definitive Agreements attached thereto. (Defs.' Br. at 11; Defs.' Reply at 6). Plaintiffs argue that they sued based on the Letter of Intent and the "final" Definitive Agreements articulated on August 18, 2016. (Pls.' Opp'n at 20; Compl. ¶¶ 28, 35, 37). Plaintiffs contend that on August 18 the parties through their counsel confirmed that no material issues remained to be negotiated and that this exchange constituted a meeting of the minds such that the Definitive Agreements became a contract that Defendants were obligated to execute. (Pls.' Opp'n at 20–27). Defendants reply that Plaintiffs' claim based on an alleged August 18 contract is a newly asserted claim and should not be considered. (Defs.' Reply at 2–5, ECF No. 14).

While it is not always clear in the Complaint to which "Definitive Agreements" Plaintiffs refer, Plaintiffs are entitled to have the Complaint liberally construed in their favor. Plaintiffs have plausibly alleged in their Complaint that there was a meeting of the minds on August 18 and Plaintiffs have sought relief on that basis. (*See* Compl. ¶¶ 28, 31, 35). If there was a meeting of the minds and a contract formed on August 18, 2016, Defendants could be in breach of that agreement by failing to execute. Defendants would not only be liable for out-of-pocket expenses in attempting to negotiate, because this would be a violation of the August 18 contract's terms, not just a failure to negotiate pursuant to the Letter of Intent. Therefore, Defendants' arguments fail and Defendants could be liable for expectancy damages or specific performance for failing to execute the agreement. A factual inquiry into the exchange and manifestations of intent at the time of alleged final agreement is proper. Therefore, Defendants motion to dismiss on this basis will be denied.

   3. *Parties to the Action*

Defendants seek to have Plaintiff Seaboard Holdings, LLC and Defendants MM Retail, LLC and Jack Menashe dismissed from the action because they were not parties to the Letter of

Intent. (Defs.' Br. at 14, ECF No. 8-4). Defendants allege that only Cedar Holdings and MRG were parties to the Letter of Intent. (*Id.*).

Looking at the plain text of the Letter of Intent, Menashe is listed as a party in the first sentence of the Letter: "The purpose of this letter is to set forth our mutual understanding regarding the terms and conditions upon which Jack Menashe ("Menashe") proposes to sell to Cedar Holdings, LLC or an affiliate therefore ("Cedar") such amount of the membership interests… held by Menashe in MRG Broadway, LLC ("MRG")…" (Letter of Intent at 1, ECF No. 8-3). The Letter further states, "Menashe will assign and transfer economic interest in his Membership Interest in MRG to Cedar..." "Cedar shall not have the right to transfer its Interest in MRG without the consent of Menashe." "Menashe shall not cause or permit any dilution of the interest of MRG in MAC…" "Management and control of MRG shall remain with Menashe." (*Id.* ¶¶ 8, 12, 13, 15, 17). Therefore, Menashe appears to be a party to the Letter—not just a corporate officer as the sole member of MRG—and should remain as a defendant.

MM Retail is not mentioned explicitly in the Letter of Intent or the Complaint, other than in the list of parties. However, Plaintiffs allege in the Complaint that Menashe is the sole member of MM Retail, LLC, which is the sole member of MRG. (Compl. ¶ 8). Given that Menashe remains a party to this action, Defendants arguments (Defs.' Br. at 15, ECF No. 8-4) are unavailing. The Court will not dismiss MM Retail at this time.

Similarly, Seaboard is not mentioned explicitly in the Letter of Intent or the Complaint, other than in the list of parties. Plaintiffs claim that Seaboard is an affiliate of Cedar, and thus falls within the "affiliate" category mentioned in the introductory and 22nd paragraphs of the Letter of Intent. (Pls.' Opp'n at 28, ECF No. 11; Pls.' Letter at 2, ECF No. 17). While neither the "affiliate" nor Seaboard are mentioned in the Complaint, the Complaint clearly references the

Letter of Intent, which does explicitly include Cedar's affiliate. Thus, construing the Complaint in the light most favorable to Plaintiffs and proceeding with expediency, the Court finds that Plaintiffs have plausibly alleged Seaboard to be a plaintiff at this time.

*4. Other Arguments*

Plaintiffs argue that Defendants' Reply should not be considered because it exceeded the page limit imposed by the rules. Additionally, Defendants add new arguments in their reply that the Complaint has not stated a cause of action for breach of the exclusivity clause of the Letter of Intent and that Plaintiffs fail to state a cause of action for promissory estoppel or unjust enrichment. (Defs.' Reply Point III at 10 and Point VI at 17, ECF No. 14).

"It is axiomatic in federal practice that arguments raised for the first time in a reply brief should be disregarded." *GE Capital Corp. v. Oncology Assocs. Of Ocean County*, 2011 U.S. Dist. LEXIS 142402 (D.N.J. Dec. 12, 2011); *see also Dana Transport v. Ableco Finance*, 2005 U.S. Dist. LEXIS 18086 (D.N.J. Aug. 17, 2005). Similarly, sur-replies and sur-sur-replies need not be considered, but the Court may consider such submissions at its discretion. *See, e.g.*, *Stalwart Capiral v. Warren St. Partners*, 2012 U.S. dist. LEXIS 59872 (D.N.J. Apr. 30, 2012). The Court declines to consider the Defendants' new arguments and considers Defendants' Reply only insofar as it responds to Plaintiffs' Opposition. The Court does not consider the sur-reply letters.

## **CONCLUSION**

For the reasons above, Defendants' motion to dismiss will be granted in part and denied in part in accordance with this Opinion. A corresponding order will follow.

**Dated:** *4/7/17*  /s/ *Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.